## Asa S. Mattoon v. Ansel Mattoon.

A defendant, in a suit before a justice of the peace, who does not attend the trial, can only tax for travel within this state. No party, in any court in this state, is allowed to tax for travel beyond the limits of the state.

ASSUMPSIT. The action was commenced before a justice of the peace, and a trial was had and judgment rendered for the plaintiff, and the defendant appealed; and at the same time the justice taxed the defendant's costs, and allowed him for travel from his residence in Ohio, eight hundred miles, $40,00. The defendant did not attend at the trial, and had made no actual travel in consequence of the suit. In the county court the plaintiff became nonsuit, and the defendant then claimed to be allowed his costs, as taxed by the justice. The plaintiff claimed, that the defendant was only entitled to one dollar for his travel. It was agreed by the defendant's counsel, that the case, for taxing said cost, was regularly before the court.

The county court, December Term, 1848,—REDFIELD, J., presiding,—allowed the defendant cost, as taxed by the justice. Exceptions by plaintiff.

*Hebard & Martin* for plaintiff.

*L. B. Vilas* for defendant.

Douglass *v.* Hall et al.

By the Court. The judgment is reversed, and the defendant is allowed to tax travel only within this state, in analogy to the rule of taxing costs for the parties in other courts of the state,—no account being taken of travel out of the state. And although the statute, in regard to the costs of parties in justice courts, does not in terms restrict the costs of the defendant, or of the plaintiff, when he actually attends in court, still it is to be understood, that no party, in any court in this state, is to tax for travel beyond the limits of the state. It may admit of doubt, whether the defendant in a justice court can be allowed to tax more costs, when he does not attend in person, than what is allowed him in the county and supreme courts; but it does not seem easy to come at such a result under the existing statutes.